**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **GEORGE ULYSSES NOONAN,** | § | |
| **Reg. No. 14907-196,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-12-CV-168-KC** |
| | § | |
| **M. TRAVIS BRAGG, Warden,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner George Ulysses Noonan (Noonan), a federal prisoner[1] at the La Tuna Federal

Correctional Institution in Anthony, Texas,[2] asks the Court to intervene in his behalf and order

the Bureau of Prisons (BOP) to place him in a residential reentry center (RRC) twelve months

before his projected release date[3] in accordance with his understanding of the Second Chance

Act.[4]  In his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No.

1],[5] Noonan claims that "he was advised that 'per court order,' he is not eligible for RRC

---

[1] *United States v. Noonan*, 4:10-CR-406-CKJ (D. Ariz. Jan. 27, 2011).  Noonan pleaded guilty, pursuant to a plea agreement, to conspiring to possess with the intent to distribute marijuana.  The Court accepted his plea and sentenced him to thirty-seven months' imprisonment followed by three years' supervised release.  The Court also recommended that Noonan reside in a residential reentry center for 180 days.  J. 3.

[2] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas.  28 U.S.C.A. § 124(d)(3) (West 2012).

[3] Noonan's projected release date is April 21, 2013.

[4] *See* 18 U.S.C.A. § 3624(c) (West 2012) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.").

[5] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in this cause.

placement."[6]  Noonan also maintains that "[b]ecause it is clear from the record that Petitioner would be unable to complete the administrative remedy process until well after any requested relief could be accomplished, his failure to exhaust should be waived in the circumstances of this case."[7]  For the reasons discussed below, the Court will dismiss Noonan's petition, pursuant to 28 U.S.C. § 2243.[8]

An initial issue which the Court must address in reviewing a § 2241 petition is whether the petitioner has exhausted his administrative remedies.  This is because a federal prisoner must typically exhaust his administrative remedies before seeking habeas relief.[9]  Exhaustion requires the petitioner to "fairly" present all of his claims through appropriate channels prior to pursuing federal habeas relief.[10]  Exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency."[11]  In this regard, "[w]hen an agency has the opportunity to correct its own errors, a judicial controversy may well be mooted, or at least piecemeal appeals may be avoided."[12]  Additionally, "exhaustion of the administrative procedure

---

[6] Pet'r's Pet. 4.

[7] *Id.*

[8] 28 U.S.C.A. § 2243 (West 2012) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[9] *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) ("A prisoner . . . is required to exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241.").

[10] *See Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (addressing a § 2241 petition filed by a state pre-trial detainee).

[11] *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992).

[12] *Id.* (citing *Parisi v. Davidson*, 405 U.S. 34, 37 (1972); *McKart v. United States*, 395 U.S. 185, 194 (1969)).

may produce a useful record for subsequent judicial consideration."[13]  These concerns apply with particular force "when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise."[14]

Exhaustion requirements "may be subject to certain defenses such as waiver, estoppel or equitable tolling."[15]  Furthermore, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," the petitioner need not exhaust his administrative remedies.[16]  Such exceptions to the exhaustion requirement, however, "apply only in 'extraordinary circumstances,' and [the petitioner] bears the burden of demonstrating the futility of administrative review."[17]  If a federal inmate carries his burden to demonstrate an applicable exception to the exhaustion requirement, he may obtain a merits ruling on his § 2241 petition despite a lack of exhaustion.[18]

The BOP has established a multi-tiered administrative remedy program whereby inmates can "seek formal review of an issue relating to any aspect of [their] own confinement."[19]  First, the inmate must present his particular complaint to the prison staff and attempt to resolve the

---

[13] *Id*. (citing *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)).

[14] *Id*. (citing *McKart*, 395 U.S. at 195).

[15] *Wright v. Hollingsworth*, 260 F.3d 357, 358 n.2 (5th Cir. 2001).

[16] *Fuller*, 11 F.3d at 62.

[17] *Id*.

[18] *Id*.

[19] 28 C.F.R. § 542.10(a).

issue in an informal manner.[20]  If the complaint cannot be resolved informally, the inmate must

file a formal written administrative remedy request on a BP-9 form with the prison warden.[21]

The warden has twenty days to respond, which may be extended by an additional twenty days.[22]

Any adverse decision by the warden must be appealed to the appropriate regional director by

filing a BP-10 form.[23]  The regional director has thirty days to issue a response, which may be

extended by an additional thirty days.  The final step in the administrative review process is an

appeal to the Office of General Counsel on a BP-11 form.[24]  The General Counsel has forty days

to issue a response.[25]  If an inmate does not receive a response within the time allotted for a reply,

he may consider the absence of a response a denial at that level and proceed to the next level.[26]

An inmate may seek relief in federal court only after he has exhausted all levels of the

administrative review process.[27]

Noonan concedes that he has not exhausted the BOP's administrative review process.  He

asks the Court to excuse him from the requirement because "he will suffer irreparable injury . . .

[and] he would be unable to complete the administrative remedy process."[28]  Noonan fails to

---

[20] *Id*. § 542.13(a).

[21] *Id*. § 542.14.

[22] *Id*. § 542.18.

[23] *Id*. § 542.15(a).

[24] *Id*.

[25] *Id.* § 542.18.

[26] *Id*.

[27] *See Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

[28] Pet'r's Pet. 4.

identify the irreparable injury. He merely suggests RCC placement would allow him to "re-adjust[ ] himself back into society, and ensure his ability to gain employment and the ability to meet his responsibilities to his family."[29] When confronted with the argument "that [requiring the] exhaustion of . . . remedies . . . would deprive a . . . prisoner of the speedy review of his grievance," the Supreme Court acknowledged that "exhaustion of . . . remedies takes time, but there is no reason to assume that . . . prison administrators . . . will not act expeditiously."[30] Moreover, several courts have rejected a petitioner's futility argument.[31] In short, Noonan has neither exhausted his administrative remedies nor shown the extraordinary circumstances necessary to exempt him from the exhaustion requirement. The Court will, therefore, not waive the exhaustion requirement.

Additionally, the Court notes that under 18 U.S.C.A. § 3621, the BOP has the authority to designate a federal prisoner's place confinement and to make other decisions concerning his custody.[32] The Second Chance Act merely adds authority for the BOP to place a prisoner in a

---

[29] *Id.*

[30] *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973).

[31] *See, e.g.*, *Broderick v. Chapman*, 364 F. App'x 111, 112 (5th Cir. 2010) (per curiam) (unpublished op.) (affirming a dismissal of a § 2241 petition for release under the Second Chance Act for failure to exhaust administrative remedies); *Rivkin v. Tamez*, 351 F. App'x 876, 878 (5th Cir. 2009) (per curiam) (unpublished op.) (affirming the dismissal of a § 2241 petition concerning RRC placement for failure to exhaust administrative remedies where the trial "court noted that the Warden had provided evidence that nine inmates had requested consideration for more than 180 days' placement in the RRC, and that two had been granted such additional time"); *see also Garza v. Davis*, 596 F.3d 1198, 1204 (10th Cir. 2010) (finding that BOP memoranda implementing the Second Chance Act indicated that the BOP recognized its authority to place inmates in an RRC for in excess of six months and did "not reflect any policy of categorical denial").

[32] *See* 18 U.S.C.A. § 3621 (West 2012); *United States v. Voda*, 994 F.2d 149, 151–52 (5th Cir. 1993) (observing that "only the Bureau of Prisons has the actual authority to designate the place of incarceration" because "the executive branch and not the judicial branch is responsible for administering sentences").

community correctional facility during the final months of his term of imprisonment,[33] and it requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in § 3621(b).[34]  Of the district courts that have considered the merits of a claim under the Second Chance Act, most have observed that the Act does not authorize a court to modify a sentence and place a prisoner in a BOP-managed RRC or other pre-release program.[35]  Therefore, any request for placement in a community correctional facility is not properly addressed to the Court.[36]

Accordingly, the Court concludes that Noonan is not entitled to § 2241 relief.[37]  The Court, therefore, enters the following orders:

1.      The Court **DISMISSES WITHOUT PREJUDICE** Petitioner George Ulysses

---

[33] 18 U.S.C.A. § 3624(c)(1).

[34] *Id.*

[35] *See United States v. Peeples*, No. 3:10-580-CMC, 2011 WL 743103, at *1 (D. S.C. Feb. 24, 2011) ("Defendant seeks to have the court reduce Defendant's sentence based upon . . . [t]he Second Chance Act.  However, . . . the court lacks jurisdiction to modify Defendant's sentence."); *McCarthy v. United States*, 8:09-CR-395-T-33AEP, 8:10-CV-1905-T-33AEP, 2010 WL 5162025, at *10 (M.D. Fla. Dec. 14, 2010) ("The relief McCarthy seeks is solely within the discretion of the BOP and any order from this Court, should that be legally feasible, would merely be a recommendation to the BOP to consider placing McCarthy in a residential reentry center when McCarthy is 17 to 19 months away from his projected release date."); *Stanko v. Rios*, No. 08-4991JNE/JJG, 2009 WL 1303969, at *5 (D. Minn. May 8, 2009) ("18 U.S.C. § 3624(c), as amended by the Second Chance Act, does not disturb the discretion granted to the BOP under § 3621(b)."), *aff'd*, 366 F. App'x 725 (8th Cir. 2010); *United States v. Rhodes*, No. 1:07-CR-612, 2008 WL 4657069, at *1 (N.D. Ohio Oct. 21, 2008) ("[T]here does not appear to be any provision in the 'Second Chance Act' that allows the Court to modify and/or re-sentence a Defendant to a Bureau of Prisons' (BOP) halfway house or any other BOP prerelease placement for participation in the program.").

[36] *See United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (declining to address the defendant's request to serve the remainder of his sentence on home confinement, reasoning that "such requests are properly directed to the Bureau of Prisons."); *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992) ("Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period.").

[37] 28 U.S.C.A. § 2243.

Noonan's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [ECF No. 1] for failure to exhaust his administrative remedies.

2.    The Court **DENIES AS MOOT** all pending motions.

**SO ORDERED.**

**SIGNED** on this 23rd **day of May 2012.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

-7-